IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDY J. RICE, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 13-CV-737-JED-FHM |
| JANET DOWLING, Warden, | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's Motion to Dismiss Petition for Habeas Corpus as Time Barred by the Statute of Limitations and supporting brief (Doc. 7 and 8, hereafter collectively the Motion). Petitioner, a state inmate appearing pro se, filed a response (Doc. 9) to the Motion. For the reasons discussed below, the Court finds that, as to Ground 1, the petition was not timely filed. Therefore, Respondent's Motion shall be granted as to that ground for relief and it shall be dismissed with prejudice. Respondent's Motion shall be denied as to Ground 2, as that ground for relief is not cognizable on habeas corpus review.

*BACKGROUND*

The record reflects that at the conclusion of a jury trial held in Rogers County District Court, Case No. CF-2009-106, Petitioner Randy Rice was convicted of Manufacturing/Possessing With Intent to Manufacture Methamphetamine (Count I), Possession of a Controlled Dangerous Substance (Count II), and Falsely Personating Another to Create Liability (Count III), all After Former Conviction of Two or More Felonies. *See* Doc. 8-1. In accordance with the jury's recommendation, the trial judge sentenced Petitioner to life imprisonment on Count I, and to twenty-three (23) years imprisonment on each of Counts II and III. The trial judge ordered the sentences in Counts I and

II to run consecutively to each other, and the sentence in Count III to be served concurrently with Count II. *Id.* Petitioner was represented at trial by attorney Robert A. Benningfield.

Represented by attorney Thomas Purcell, Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals (OCCA). In an unpublished summary opinion, filed April 7, 2011, in Case No. F-2010-331, the OCCA affirmed the Judgment and Sentence of the trial court. *See* Doc. 8-1. Nothing in the record suggests that Petitioner sought certiorari review in the United States Supreme Court.

On June 25, 2012, Petitioner filed a pro se application for post-conviction relief. *See* Doc. 8-2. By order filed June 12, 2013, the state district court denied post-conviction relief. *See* Doc. 8-3. Petitioner perfected a post-conviction appeal at the OCCA. By order filed October 8, 2013 (Doc. 8-4), the OCCA affirmed the denial of Petitioner's application for post-conviction relief.

On November 12, 2013, the Clerk of Court received for filing Petitioner's federal petition for writ of habeas corpus (Doc. 1). Petitioner avers, under penalty of perjury, that he placed his petition in the prison mailing system on November 4, 2013. *See id.* at 15. Thus, under the prisoner mailbox rule, the earliest file date for this petition is November 4, 2013. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). In his petition, Petitioner raises two (2) claims as follows:

Ground 1: Denied Sixth Amendment right to effective assistance of appellate counsel.

Ground 2: Trial court erred by not giving finding of facts and conclusions of law in accordance to OK Court of Appeals Rule 5.4(A).

*See id.* at 5, 7. In response to the petition, Respondent filed the dismissal Motion and supporting brief (Doc. 7, 8), arguing that the two grounds for relief set forth in the petition are time barred.

## ANALYSIS

**A. Ground 1 shall be dismissed with prejudice as time barred**

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

In Ground 1, Petitioner challenges the validity of his convictions and sentences by claiming he received ineffective assistance of appellate counsel. The one-year limitations period applicable to that claim began to run, under 28 U.S.C. § 2244(d)(1)(A), when his convictions became final. Petitioner's convictions became final on July 6, 2011, after the OCCA denied relief on April 7, 2011, and the 90 day time period for filing a petition for writ of certiorari in the United States

3

Supreme Court had lapsed. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, Petitioner's one-year limitations clock began to run on July 7, 2011, and, absent a tolling event, a federal petition for writ of habeas corpus filed after Monday, July 9, 2012, would be untimely. *See United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline); *Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011). Petitioner commenced this action, at the earliest, on November 4, 2013, or almost sixteen (16) months beyond the deadline. Absent either statutory or equitable tolling, the petition is time-barred.

Here, the limitations period was tolled, or suspended, during the pendency of a "properly filed" post-conviction proceeding. 28 U.S.C. § 2244(d)(2); *Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998). On June 25, 2012, or with 14 days remaining in the one-year limitations period, Petitioner filed his application for post-conviction relief. After the state district court denied the application, Petitioner perfected a post-conviction appeal. The OCCA affirmed the denial of post-conviction relief on October 8, 2013. Thus, Petitioner is entitled to tolling of the limitations period from June 25, 2012, when he filed his application, through October 8, 2013, when the OCCA entered its order affirming the denial of post-conviction relief. As a result, Petitioner had to file his federal petition for writ of habeas corpus within 14 days of the OCCA's ruling, or by October 22, 2013, to be timely. As noted, Petitioner avers that he placed his petition in the prison mailing system on November 4, 2013. Construing, as the Court has, the Petitioner's petition to have been filed on that date, his filing is thirteen (13) days out of time.

In his response to the motion to dismiss (Doc. 19), Petitioner requests that the Court overlook the time constraints imposed by AEDPA because they are "oppressive and unconstitutional." *See* Doc. 9, at 1. Although Petitioner does not identify a specific basis for his constitutional challenge,

4

the Tenth Circuit Court of Appeals has found that AEDPA's limitation period does not violate the Constitution's Suspension Clause, U.S. Const. art. 1, § 9, cl. 2 (stating that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended . . . ."). *See Long v. Miller*, 541 F. App'x 800, 802 (10th Cir. 2013) (unpublished)[1] (citing *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998); *Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213, 1217 (11th Cir. 2000) ("[W]e readily conclude that, as a general matter, the § 2244(d) limitation period does not render the collateral relief ineffective or inadequate to test the legality of detention, and therefore is not an unconstitutional suspension of the writ of habeas corpus."); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) ("We join the other circuits that have considered this issue and hold that AEDPA's one-year limitation does not constitute a per se violation of the Suspension Clause."); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 113-14 (2d Cir. 2000) ("[B]ecause AEDPA's one-year statute of limitations leaves habeas petitioners with some reasonable opportunity to have their claims heard on the merits, the limitations period does not render the habeas remedy inadequate or ineffective to test the legality of detention, and therefore does not per se constitute an unconstitutional suspension of the writ of habeas corpus." (internal quotation marks omitted)); *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000) (per curiam) ("The 1-year limitations period of the AEDPA does not violate the Suspension Clause unless it renders the habeas remedy inadequate or ineffective to test the legality of detention. [Defendant] has not shown how the limitations period made the habeas remedy inadequate or ineffective for him, since nothing prevented him from filing a petition before the limitations period

---

[1]This unpublished opinion is not precedential but is cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

expired." (footnote and internal quotation marks omitted))). Based on that authority, the Court rejects Petitioner's challenge to the one-year limitations period as unconstitutional.

Petitioner characterizes the one-year limitations period as "oppressive." Nonetheless, the § 2244(d) statute of limitations is strictly enforced. As explained by the Supreme Court,

> Filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced. Any less rigid standard would risk encouraging a lax attitude toward filing dates. A filing deadline cannot be complied with, substantially or otherwise, by filing late – even by one day.

*United States v. Locke*, 471 U.S. 84, 100-01 (1985) (internal quotation omitted). Thus, even if Petitioner's petition had been only one day late, it would still be dismissed as time barred.

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. *See Miller*, 141 F.3d at 978; *see also Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, to be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" *Id.* (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner fails to argue a basis for equitable tolling. Furthermore, nothing in the record before the Court suggests that Petitioner is entitled to equitable tolling. Petitioner has not shown that he "diligently pursue[d] his claims" during the time the limitations period was running, or that his

"failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Therefore, Petitioner is not entitled to equitable tolling and Ground 1 of his petition for writ of habeas corpus shall be dismissed as untimely.

**B. Habeas corpus relief on Ground 2 is denied**

In Ground 2, Petitioner challenges the post-conviction ruling made by the state district court. *See* Doc. 1 at 7. Specifically, Petitioner complains that the trial court failed to make findings of fact and conclusions of law in compliance with Rule 5.4(A), *Rules of the Court of Criminal Appeals*. *Id.* Under 28 U.S.C. § 2244(d)(1)(D), the factual basis for that claim could not have been discovered until June 12, 2013, when the trial court entered its ruling denying the application for post-conviction relief. Petitioner filed his habeas petition on November 4, 2013. Therefore, the claim challenging the trial court's post-conviction ruling is not time barred. However, the issue raised by Petitioner in Ground 2 focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration. Therefore, Petitioner's Ground 2 claim states no cognizable federal habeas claim. *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998). For that reason, Petitioner's request for habeas corpus relief on Ground 2 shall be denied.

## *CONCLUSION*

The Court concludes that Ground 1 of the petition is untimely. Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations shall be granted as to that ground for relief. Ground 2 is not cognizable in this habeas corpus action and shall be denied.

**Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural rulings resulting in the dismissal of Ground 1 based on the statute of limitations, and the denial of Ground 2 as not cognizable on habeas corpus review, are debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Doc. 7) is **granted in part** and **denied in part**, as follows:

    a. The motion to dismiss is **granted** as to Ground 1 of the petition and that claim is **dismissed with prejudice**.

    b. The motion to dismiss is **denied** as to Ground 2.

2. Habeas corpus relief on Ground 2 is **denied**.

3. A separate Judgment shall be entered in this case.

4. A certificate of appealability is **denied**.

ORDERED THIS 25th day of June, 2014.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE